Amy M. Samberg (#013874)
Sarah K. Jezairian (#021149)
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630
Telephone: (520) 882-1200
Email: asamberg@swlaw.com
       sjezairian@swlaw.com

Attorneys for Plaintiff Safeco Insurance Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Safeco Insurance Company of America, a foreign corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Tucker C. Geer, an individual; Christian Burton, a single individual; Danny and Charmaine Walsh, husband and wife; Danny Walsh Enterprises, LLC, d/b/a Angelo's Pizza & Gyros, an Arizona limited liability company; and Richard Paul Venable and Vicky Venable, husband and wife,<br><br>　　　　　　Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

　　　　Plaintiff Safeco Insurance Company of America ("Safeco"), for its Complaint against Defendants Tucker C. Geer ("Geer"); Christian Burton ("Burton"); Danny Walsh and Charmaine Walsh ("Walshes"); Danny Walsh Enterprises, LLC, d/b/a Angelo's Pizza and Gyros ("Angelo's"); and Richard Paul Venable and Vicky Venable ("Venables") (collectively, "Defendants") alleges as follows:

## **INTRODUCTION**

　　　　1.　　This is a declaratory judgment action under 28 U.S.C. §§ 2201-02 that arises out of certain claims for negligence asserted against Burton, the Walshes, and Angelo's by Richard Paul Venable and Vicky Venable.

2. Richard Paul Venable was allegedly injured when he was struck by a vehicle insured under a policy issued by Safeco to Geer and driven by Burton while working for Angelo's.

3. The Walshes are managers/members of Angelo's.

4. Burton, the Walshes, and Angelo's have sought indemnity for and a defense against the Venables' claims against them under an auto liability insurance policy issued by Safeco to Geer. As discussed in greater detail below, Safeco seeks a declaration that coverage for the Venables' claims is limited to $15,000 per person/$30,000 per occurrence.

## THE PARTIES, JURISDICTION AND VENUE

5. Safeco is a New Hampshire corporation with its principal place of business in Boston, Massachusetts, and is licensed to and does conduct insurance business in the State of Arizona.

6. Upon information and belief, Geer is a resident of Maricopa County, Arizona.

7. Upon information and belief, Burton is a resident of Pima County, Arizona.

8. Upon information and belief, the Walshes are residents of Pima County, Arizona.

9. Upon information and belief, Angelo's is an Arizona limited liability company with its principal place of business in Pima County, Arizona.

10. Upon information and belief, the Venables are residents of Pima County, Arizona.

11. There is complete diversity among the parties, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000. Accordingly, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

12. The alleged acts giving rise to this suit all occurred within the District of Arizona. For that reason, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE POLICY

13. Safeco issued an automobile policy to Geer for the policy period June 10, 2012 to June 10, 2013, Policy No. Y7600070 (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit 1.

14. The Policy's Liability Coverage form provided, in pertinent part:

**PART A – LIABILITY COVERAGE**

**INSURING AGREEMENT**

We will pay damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

\*\*\*

(Ex. 1, at SA-1852/AZEP 12/10, p. 3)

15. The Policy's Liability Coverage form defined "insured" as follows:

**DEFINITIONS**

\*\*\*

**B.     "Insured"** as used in this Part means:

    1.    You or any **family member** for the ownership, maintenance or use of any   auto or **trailer**.

    2.    Any person using **your covered auto** with your express or implied permission.  The actual use must be within the scope of that permission.

    3.    For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1**. and **B.2.** above.

- 3 -

1  (*Id*. at SA-1852/AZEP 12/10, p. 1).

2  16.  The Policy's Liability Coverage form defined "family member" as follows:

**DEFINITIONS**

\*\*\*

G.  **"Family member"** means a person related to you by blood, marriage, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

(*Id*.)

17.  The Policy's Liability Coverage form provided, in pertinent part:

**EXCLUSIONS**

We do not provide Liability Coverage for:

\*\*\*

6.  Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**. This exclusion (**A.6.**) does not apply to the ownership or operation of a vehicle while it is being used in the course of volunteer work for a tax-exempt organization as described in ARIZ. REV. STAT. ANN. Section 43-1201(4).

This exclusion only applies to the extent that the limits of liability for this coverage exceed the minimum limits required by the Arizona financial responsibility law.

(*Id*. at SA-1852/AZEP 12/10, p. 4).

18.  The Policy limit for liability coverage for bodily injury was $100,000 per person/occurrence. (*See id*., Automobile Policy Declarations, p. 1).

19.  The omnibus clause of Arizona's Financial Responsibility Act provides that insurers must provide named insureds and permissive users with auto liability coverage in

- 4 -

1 an amount no less than $15,000 per person and $30,000 per occurrence. *See* A.R.S. 28-
2 4001(A)(2).

## THE CLAIM

20. On July 17, 2013, a lawsuit was filed against Angelo's and Burton, captioned *Richard Paul Venable and Vicky Venable, husband and wife, Plaintiffs, v. Angelo's Pizza & Gyros; Angelo's Pizza & Gyros, LLC; Michael Pisciotta and Deanna Pisciotta; Christian Scott Burton and Jane Doe Burton; and Fictitious Defendants 1-10, Defendants*, Case No. C20133966, in the Superior Court of the State of Arizona, in and for the County of Pima (the "Lawsuit").

21. The complaint in the Lawsuit was amended twice, and the operative complaint is now captioned *Richard Paul Venable and Vicky Venable, husband and wife, Plaintiffs, v. Angelo's Pizza & Gyros; Angelo's Pizza & Gyros, LLC; Christian Scott Burton and Jane Doe Burton; Danny Walsh and Charmaine Walsh; Danny Walsh Enterprises, LLC, and Fictitious Defendants 1-10, Defendants*.

22. The Lawsuit alleges that on January 3, 2013, Burton negligently veered off the roadway while operating a vehicle, and struck and injured Richard Paul Venable, a pedestrian (the "Accident").

23. The Lawsuit alleges that at the time of the Accident, Burton was in the process of delivering a pizza for his employer, Angelo's.

24. The Lawsuit alleges that the Walshes negligently hired, trained, and/or supervised Burton.

25. Upon information and belief, Burton is Geer's stepson.

26. The vehicle Burton was operating at the time of the Accident was insured by the Policy.

27. Upon information and belief, Burton was operating the insured vehicle with Geer's permission at the time of the Accident.

28. Safeco concluded that Burton qualified as an "insured" under the Policy, as either a "family member" of Geer or a person using the insured vehicle with Geer's

- 5 -

1 permission. *See* Paragraph 13, *supra*.

2     29. Safeco extended liability coverage to Burton, subject to a complete reservation of rights under the Policy and at law, but explained to Burton that the limits of liability would be reduced to $15,000/$30,000 under Policy Exclusion 6, described in Paragraph 15, above (the "Food Delivery Exclusion").

    30. Safeco concluded that Angelo's and the Walshes qualified as insureds under the Policy, but only with respect to their legal responsibility for the acts or omissions of Burton. *See* Paragraph 13, *supra*.

    31. Safeco extended liability coverage to Angelo's and the Walshes, subject to a complete reservation of rights under the Policy and at law, but explained to Angelo's and the Walshes that the limits of liability would be reduced to $15,000/$30,000 under the Food Delivery Exclusion.

    32. Safeco has been providing Burton, Angelo's, and the Walshes a defense to the Lawsuit subject to a full reservation of its rights under the Policy and at law.

## CLAIM FOR RELIEF – DECLARATORY RELIEF

    33. Safeco incorporates herein by this reference the allegations set forth in Paragraphs 1 through 32 above, as if each were more fully set forth herein.

    34. The Walshes have asserted that Safeco has improperly applied the Food Delivery Exclusion to reduce the Policy's limit of liability, and that they are entitled to coverage up to the full limits of the Policy.

    35. Safeco contends that the Food Delivery Exclusion operates to limit liability coverage under the Policy for the Accident to $15,000 per person and $30,000 per occurrence.

    36. There is an actual and justiciable controversy between the Defendants and Safeco with respect to the Defendants' rights under the Policy and Safeco's obligations thereunder.

    37. Accordingly, Safeco seeks a declaration that the Food Delivery Exclusion limits liability coverage under the Policy for the Accident to $15,000 per person and

- 6 -

$30,000 per occurrence.

WHEREFORE, Safeco prays that this Court enter an order declaring that:

A. The Policy's Food Delivery Exclusion limits liability coverage under the Policy for the Accident to $15,000 per person and $30,000 per occurrence;

B. Safeco is entitled to its attorneys' fees pursuant to A.R.S. § 12-341.01(A);

C. Safeco is entitled to its costs and expenses pursuant to A.R.S. § 12-341; and

D. For such other relief as the Court deems just and proper.

DATED this 15th day of July, 2015.

SNELL & WILMER L.L.P.

By s/Sarah K. Jezairian
Amy M. Samberg
Sarah K. Jezairian
One South Church Avenue
Suite 1500
Tucson, AZ  85701-1630
Attorneys for Safeco Insurance Company of America

22040409

- 7 -