WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Safeco Insurance Company of America,<br><br>        Plaintiff,<br><br>v.<br><br>Tucker C Geer, et al.,<br><br>        Defendants. | No. CV-15-00303-TUC-JAS<br><br>**ORDER** |

       Pending before the Court is Plaintiff's Motion for Reconsideration, (Doc. 93). Based on the following reasoning, Plaintiff's motion, (Doc. 93), will be denied.[1]

### *STANDARD OF REVIEW*

       Ordinarily motions for reconsideration are denied absent "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2 (g)(1).

       A motion to reconsider must provide a valid ground for reconsideration by showing two things. First, it must demonstrate some valid reason why the Court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.

       Courts have advanced three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.

---

[1] In accordance with Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Civil Procedure 7.2 (g)(2), Defendants shall not file a response to the pending motion.

*Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 967 (D. Ariz. 1992); *see also Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (a motion for reconsideration should not be used to ask a court to "rethink what the court had already thought through-rightly or wrongly."); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D.Ill. 1983) (arguments that a court was in error on the issues it considered should be directed to the court of appeals).

### FACTS[2]

On January 3, 2013, Defendant Christian Burton struck pedestrian Defendant Richard Paul Venable. (PSOF, at ¶¶ 7-8.) Previously, Plaintiff Safeco Insurance Company of America ("Safeco") issued insurance to Defendant Tucker C. Geer and his then spouse for their vehicles. (*Id.* at ¶ 1.) Mr. Geer was listed as the sole "Named Insured." (*See id.* at ¶ 17.) Ms. Geer added her son,[3] Defendant Burton's vehicle to the policy. (DSOF, at ¶3.)

On January 5, 2018, the Court granted, in part, and denied, in part, Plaintiff's Motion for Summary Judgment and denied Defendant Venable's Cross-Motion for Summary Judgment. (Doc. 92.) On January 18, 2018, Plaintiff filed a timely motion for reconsideration, arguing that Ms. Geer's expectation should not be considered by the Court because she was not the "Named Insured." (Doc. 93, at 2:11-17.) Further Plaintiff argues that Ms. Geer was not the contracting insured because she was not a "Named Insured." (*Id.* at 3:5-6.)

### ANALYSIS

"It is well established that a contracting party's reasonable expectations may affect the enforceability of non-negotiated terms in a standardized agreement." *Averett v. Farmers Ins. Co. of Ariz.*, 869 P.2d 505, 506 (Ariz. 1994) (analyzing the reasonable expectation of the named insured). Plaintiff cites cases in which Arizona courts

---

[2] This fact section is truncated and shall only examine facts relevant to Plaintiff's Motion for Reconsideration, (Doc. 93).

[3] Defendant Burton is Ms. Geer's son and Mr. Geer's former stepson.

disregarded any reasonable expectation that hopeful insureds may assert. (Doc. 93, at 2:21-26.) These cases differ greatly from the present fact pattern.

First Plaintiff cites to *Cullen v. Koty-Leavitt Ins. Agency*, 168 P.3d 917 (Ariz. Ct. App. 2007), vacated on other grounds, 189 P.3d 344 (Ariz. 2008). (Doc. 93, at 2:21-26.) Cullen was injured in a vehicle owned by a third party. *Cullen*, 168 P.3d at 920. He filed a claim with Auto Owners, which covered a different vehicle and listed Sierrita Mining and Ranch Company, who provided the insured vehicle to Cullen's family, as the named insured. *Id.* Cullen is described as "a stranger to the insurance contract." *Id.* at 925. Therefore, the decisive factor was if Sierrita Mining and Ranch Company had a reasonable expectation that Cullen would be covered. *Id.* at 925-26.

Second Plaintiff cites to *Ogden v. U.S. Fid. & Guar. Co.*, 933 P.2d 1200 (Ariz. Ct. App. 1996). (Doc. 93, at 2:25-26.) Ogden was in a car accident with a vehicle driven by Lichman, an employee of J.M. Steel Erecting, Inc. *Ogden*, 933 P.2d at 1202. Lichman purchased the vehicle form J.M., but never transferred the title. *Id.* J.M. continued to provide insurance for the vehicle. *Id.* The court stated that "Lichman's expectations have little effect upon the enforceability of the contract of insurance . . . . Lichman was not a party to the insurance contract." *Id.* at 1206-07.

The cases that Plaintiff cites involve insurance policies purchased by a company for a vehicle sold or used by individuals. The person seeking coverage in both of those cases is a stranger to the insurance contract. In the present case, Ms. Geer was Mr. Geer's spouse at the time of the accident and the insurance policy was issued to both Mr. and Ms. Geer. (PSOF, at ¶ 1.) The facts before the Court are that Ms. Geer added the vehicle in question to the policy. (DSOF, at ¶3.) Arizona courts have previously evaluated the reasonable expectation of the wife of the named insured husband when evaluating the enforceability of insurance exclusions. *See State Farm Mut. Auto. Ins. Co. v. Dimmer*, 773 P.2d 1012, 1019 (Ariz. 1988) (considering the reasonable expectations of both a husband, who was the sole named insured, and his wife when ruling on the enforceability of an insurance exclusion); *Gordinier v. Aetna Cas. & Sur. Co.*, 742 P.2d 277, 280

(specifically framing the issue as if the policy violated the reasonable expectations of the wife of the named-insured husband).

Based on the available facts, the Court considers Ms. Geer to be a contracting insured and, therefore, Ms. Geer's reasonable expectations are relevant.

### *CONCLUSION*

Based on the aforementioned reasoning, the Court finds that Plaintiff has not provided a reason for this Court to reverse the January 5, 2018 Order. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration, (Doc. 93), is denied.

IT IS FURTHER ORDERED that Magistrate Judge D. Thomas Ferraro shall conduct a settlement conference at a date and time that is convenient for him, and that the parties shall comply with any requirements imposed by Magistrate Judge Ferraro in relation to the settlement conference. By no later than February 16, 2018, the parties shall contact Magistrate Judge Ferraro's chambers at (520) 205-4590 to schedule the settlement conference. Within seven days of the conclusion of the settlement conference, the parties shall file a document with the Court stating whether or not the case settled. If the parties feel that a further settlement conference would be futile they shall file notice with the Court and the Court will vacate the settlement conference.

Dated this 31st day of January, 2018.

Honorable James A. Soto
United States District Judge